UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIANZ GLOBAL CORPORATE & SPECIALTY,<br><br>    Plaintiff,<br>    v.<br><br>EMO TRANS CALIFORNIA, INC., et al.,<br><br>    Defendants, | No. C 09-4893 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Motion to Dismiss third-party complaint** |
| EMO TRANS CALIFORNIA, INC.,<br><br>    Third-Party Plaintiff,<br>    v.<br><br>AIR CHINA,<br><br>    Third-Party Defendant. | |

   Third-party defendant Air China seeks dismissal of defendant EMO Trans California, Inc.'s ("EMO") third-party complaint. Air China claims the third-party complaint is time-barred under Article 35 of the Convention for the Unification of Certain Rules for International Carriage by Air. Docket No. 28 (Opposition), Exh. A (Montreal Convention). Having considered the parties' submissions, the court enters the following memorandum and order.

BACKGROUND

   In October 2007, defendant and third-party plaintiff EMO agreed to ship plaintiff's pump from San Francisco, California to Beijing, China. Docket No. 1 (Complaint) ¶ 3. Thereafter, EMO

contracted with Air China to transport the pump from San Francisco to Beijing and deliver it in the same good order as it was received. Docket No. 13 (Third Party Complaint) ¶ 6. On October 12, 2007, EMO received the pump in good working order; however, when the pump was delivered two days later, it was allegedly delivered in a damaged condition. Complaint ¶ 9.

On October 14, 2009, exactly two years after the pump was delivered in Beijing, Allianz Global Corporate and Specialty A.G. ("Allianz") filed an action against EMO for damages to the pump. *Id.* ¶ 2. On January 8, 2010, more than two years after the damaged cargo was delivered, EMO filed a third-party complaint seeking indemnity and contribution from Air China. *See generally* Third Party Complaint. In the third-party complaint, EMO alleges that Air China agreed to transport the cargo by air to Beijing, accepted the pump in good condition, and loaded the pump onto one of its airplanes for delivery in Beijing. *Id.* ¶ 6. Accordingly, EMO alleges that Air China is liable for any damage to the pump that may have occurred during transport. *Id.* ¶¶ 7–8.

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S. Ct. at 1950.

2

Review of a motion to dismiss under Rule 12(b)(6) "is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which [the court] may take judicial notice." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009) (citing *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008)).

DISCUSSION

As a threshold matter, the parties agree that the entirety of this action is governed by the Montreal Convention because it concerns international air carriage of cargo. Motion at 4; Opposition at 2; *see Kruger v. United Airlines, Inc.*, 481 F. Supp. 2d 1005, 1008 (N.D. Cal. 2007) (Patel, J.) (holding that the Montreal Convention is the express basis for suit where it applies).

Air China argues that EMO's third-party complaint is time-bared under Article 35 of the Montreal Convention, which extinguishes any right to damages if an action is not brought within a period of two years after delivery. EMO argues that the two-year limit on the right to damages under Article 35 does not apply to third-party complaints because Articles 45 and 48 of the Convention preserve a third-party plaintiff's claim independent of Article 35.

Article 35, Section 1 of the Montreal Convention states that "[t]he right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped." There is no dispute that the complaint against EMO was filed exactly two years after arrival of the pump at its destination, and that the third-party complaint was not brought within two years of the arrival of the pump at its destination. A plain reading of Article 35 of the Montreal Convention, which appears to apply to all damages, subjects the third-party complaint to the two-year time limitation; consequently, it is presumptively time-barred.

EMO argues that third-party complaints for contribution and indemnity are not subject to the two-year limitation because such a limitation would render superfluous a separate article of the Convention, Article 45. Article 45 is contained within Chapter V of the Montreal Convention, entitled "Carriage by Air Performed by a Person other then the Contract Carrier." This chapter

3

provides a series of rules that govern a "contract carrier" if it chooses to deliver the goods of a consigner through the use of a third party "actual carrier" to transport the goods. Montreal Convention, Art. 39. Specifically, Article 45 provides:

> In relation to the carriage performed by the actual carrier, an action for damages may be brought, at the option of the plaintiff, against that carrier or the contracting carrier, or against both together or separately. If the action is brought against only one of those carriers, that carrier shall have the right to require the other carrier to be joined in the proceedings, *the procedure and effects being governed by the law of the court seized of the case*.

(emphasis added). There is no dispute that this article specifies that EMO has the right to seek indemnification within two years of the date of arrival of the cargo at the destination. Consequently, this provision, allowing for indemnification, is not superfluous. The dispute is whether this provision allows EMO to seek indemnification subsequent to two years after the date of arrival of the cargo at its destination.

EMO contends that "the procedure and effects being governed by the law of the court seized of the case" language requires use of the statute of limitations of the forum court instead of the two-year period specified in Article 35. EMO's argument, taken to its logical conclusion, implies that Article 45 of the Montreal Convention establishes a free standing body of rules governing third-party contribution and indemnity actions that stands outside of the requirements of the other chapters of the convention. This argument is not supported by case law, the text of the convention, or the convention's purpose.

There exists little case law regarding Article 35. *See Chubb Ins. Co. of Europe S.A. v. Meno Worldwide Forwarding, Inc.*, 32 Avi. Cas. (CCH) 15,978 (C.D. Cal. Jan. 14, 2008), *appeal docketed*, No. 08-55281 (9th Cir. Feb. 25, 2008). However, numerous cases have interpreted an effectively identical provision of the Warsaw Convention, the predecessor to the Montreal Convention. *See e.g.*, *Motorola, Inc. v. MSAS Cargo Int'l, Inc.*, 42 F. Supp. 2d 952, 956 (N.D. Cal. 1998) (Illston, J.); *Data Gen. Corp. v. Air Express Int'l Co.*, 676 F. Supp. 538, 540 (S.D.N.Y. 1988). Article 29 of the Warsaw Convention states that "[t]he right to damages shall be extinguished if an action is not brought within two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation

4

stopped." Convention for the Unification of Certain Rules Relating to International Transportation by Air, Art. 29, Oct. 12, 1929, 49 Stat. 3000 (Warsaw Convention). Courts interpreting the Montreal Convention routinely rely on case law interpreting similar provisions under the Warsaw Convention. *See, e.g., Onwuteaka v. Northwest Airlines, Inc.*, No. H-07-0363, 2007 WL 1406419, at *1 n.2 (S.D. Tex. May 10, 2007). This reliance is consistent with the ratification history of the Montreal Convention, which indicates that the treaty negotiators as well as Congress intended to preserve the case law developed under the Warsaw Convention by adopting similar language in the text of the Montreal Convention. *Baah v. Virgin Atlantic Airways Ltd.*, 473 F. Supp. 2d 591, 595 (S.D.N.Y. 2007) (citing legislative and executive statements on the preservation of Warsaw Convention precedent); *see also* S. Rep. No. 108-8 at 3 (2003) (stating that the negotiators of the Montreal Convention intended to preserve the nearly seventy years of judicial precedent associated with the Warsaw Convention). These pre-Montreal Convention cases have held that the two-year limitation in the Warsaw Convention was intended to be absolute: barring any action that was not commenced within the two-year period. *Motorola, Inc.*, 42 F. Supp. 2d at 955. Courts have also held that the limitation period extended to third-party actions for contribution and indemnity. *Id.* at 956; *Data Gen. Corp.*, 976 F. Supp. at 540. Accordingly, EMO's argument is not supported by case law.

Secondly, the text of Chapter V of the Montreal Convention incorporates other chapters of the Convention, including the limitation set out in Article 35. Specifically, Article 40 states that "[i]f an actual carrier performs the whole or part of the carriage which . . . is governed by this Convention, both the contracting carrier and the actual carrier shall, except as otherwise provided in this chapter be subject to the rules of this Convention." Moreover, no part of Article 45 creates an exception to Article 35. Instead, Article 45 simply recognizes the plaintiff's ability to choose whether to sue the actual or contracting carrier in the first instance, and then gives the carrier sued the "right to require the other carrier to be joined in the proceedings." *Chubb*, 32 Avi. Cas. (CCH) at 15,981. Indeed, in *Chubb,* the Central District of California concluded that Article 35 applied to third-party indemnity and contribution claims because to allow otherwise would defeat the purpose

5

of the convention. While the plain language of Article 45 does require that third-party claims be subject to the procedure and effects of the forum in which they are brought, this language does not refer to the limitation period. *Id.* at 15,981. The limitation period does not affect the procedures by which a party can be joined as a third-party defendant, nor does the limitation period govern the effects of joinder. *Id.* Thus, the period set forth in Article 35 is not affected by Article 45, and EMO's argument is not supported by the plain language of the Montreal Convention.

Thirdly, EMO's proposed rule would also undermine the very purpose of the Montreal Convention. The Convention was passed as a successor to the Warsaw Convention in order to "harmonize the hodgepodge of supplementary amendments and intercarrier agreements" which the Warsaw Convention had morphed into by 1999. *See Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371 n.4 (2d. Cir. 2004). The goal of the Montreal Convention was to create an international unified system of rules and procedures to alleviate the uncertainty of operating under a diverse set of legal systems. Montreal Convention, Preamble; *Chubb*, 32 Avi. Cas. (CCH) at 15,981. In pursuit of this goal, the Montreal Convention adopted the strict two-year time limitation contained in Article 29 of the Warsaw Convention. *Motorola, Inc.*, 42 F. Supp. 2d at 955 ("The delegates to the Warsaw Convention expressly desired to removed those actions governed by the Convention from the uncertainty that would attach were they to be subjected to the various tolling provisions of the laws of the member states"). This unification protected the interests of both carriers and shippers while lowering transaction costs. *See id.* Nothing in the text of the Montreal Convention indicates that its drafters intended to deviate from this purpose when they adopted the language from Article 29 of the Warsaw Convention into Article 35 of the Montreal Convention. Under EMO's proposed regime, however, third-party claims for indemnity would be governed by the local forum's rules and time limitations, eviscerating the uniformity provided by Article 35. Taken to its logical end, EMO's argument would require that none of the other general articles in the Montreal Convention, such as those relating to notice and jurisdiction, apply to third-party claims. There is no authority to suggest that the drafters of the Montreal Convention intended third-party claims to be governed by law other

than that stated in the Convention itself. EMO's proposed rule is rejected as it would frustrate the purpose of promoting uniformity.

Finally, Article 48 of the Montreal Convention also does not make Article 35 inapplicable. Article 48 states that "[e]xcept as provided in Article 45, nothing in this Chapter shall affect the rights and obligations of the carriers between themselves, including any right of recourse or indemnification." This article is contained within Chapter V of the Convention, whereas Article 35 is contained within Chapter III of the Convention. Consequently, Article 48 is inapplicable.

The court is aware that EMO is left without a claim for contribution or indemnity due to no fault of its own. If the Ninth Circuit reverses *Chubb* or other subsequent case law justifies a contrary result, a motion or other relief may lie. On the present state of the case law he motion to dismiss must be granted.

CONCLUSION

For the foregoing reasons, Air China's motion to dismiss is GRANTED.

IT IS SO ORDERED.

Dated: June 21, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7